IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL DEWANE CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-101-MEF |
| ) | [WO] |
| ) | |
| LOWNDES COUNTY DETENTION FACILITY, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Michael Dewane Carter ["Carter"], a state inmate awaiting transfer to the custody of the Alabama Department of Corrections. In this complaint, Cater challenges the conditions of confinement to which he is subjected at the Lowndes County Detention Facility.[1] Specifically, Carter maintains that he should be afforded the same rights, privileges and opportunities as inmates incarcerated in the Alabama prison system.

Upon review of the complaint, the court concludes that this case is subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

A county detention facility is not a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the plaintiff's

---

[1] Cater asserts that he is a state inmate confined in the county facility upon revocation of his probation awaiting transfer to the Alabama Department of Corrections.

[2] The court granted Carter leave to proceed *in forma pauperis*. *Order of March 4, 2014 - Doc. No. 4*. A prisoner who is allowed to proceed *in forma pauperis* will have her complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that a claim in the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

complaint against the Lowndes County Detention Facility is due to be dismissed as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before March 20, 2014 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of March, 2014.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE